UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>JESUS ERNESTO FLORES-LUNA,<br><br>                                    Defendant. | Case No.: 19-cr-01953-GPC-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 260]** |

On October 25, 2022, this Court convicted Jesus Ernesto Flores-Luna ("Defendant") of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 229. The Court sentenced Defendant to 60 months of imprisonment with three years of supervised release to follow. *Id*. at 2-3.[1] On February 5, 2024, Defendant filed a pro se motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G."), which was enacted on November 1, 2023. ECF No. 260.[2] The government opposes, arguing that Defendant should not receive a sentence reduction

---

[1] Page numbers reflect CM/ECF pagination.

[2] The Court posits that Defendant seeks a reduction of his sentence because he is entitled to a retroactive two-point offense level reduction as a zero-point offender. *United States v. Sanchez-Pedraza*, 2024 WL 4048855, at *2 (N.D. Cal. Sept. 3, 2024); U.S.S.G. § 4C1.1(a); *see also* ECF No. 142 at 8.

1

because Defendant's sentence falls below the guidelines range even after applying the zero-point offender provision. ECF No. 265.

A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). However, even if a defendant meets the § 4C1.1(a) requirements, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Here, Defendant had zero criminal history points at the time of sentencing. ECF No. 142 at 8; *see* ECF No. 265 at 2-3 (acknowledging that Defendant qualifies for the zero-point adjustment). Applying a two-point offense level reduction here, Defendant's adjusted offense level would be 27, which would result in a guideline range of 70 to 87 months. ECF Nos. 220, 222; U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Defendant's imposed term of 60 months is already below this advisory range. Therefore, the Court may not reduce Defendant's sentence. *See United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) (finding that a court cannot reduce a sentence "to a term that is less than the minimum of the amended guidelines range, except in the case of a defendant who originally received a below-guidelines sentence based on substantial assistance to the government").

For the foregoing reasons, the Court DENIES Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED**.

Dated: April 29, 2025

Hon. Gonzalo P. Curiel
United States District Judge